It is to be noted that from the allegations of the petition the defendants, who were residents of Oklahoma City, relied upon the representations of plaintiff, who was a resident of Okmulgee county and presumably familiar with the conditions surrounding the issuance of the tax deed, that the resale divested them of all interest in the land, which statement, under the authorities last above cited, was false and probably known to be false when made. Whether the defendants were justified in relying upon this statement, or should have made a further investigation, is a matter we think for the trial court to consider upon the evidence produced at a hearing on the petition. Plaintiff contends that the statement was a mere expression of opinion, but we think it amounted to more than that for the reason that he was in a position to know whereof he spoke and the defendants were not. We hold that the facts stated in the petition to vacate the judgment and the answer attached thereto are sufficient to withstand the demurrer to said petition filed by plaintiff, and that the trial court erred in sustaining the demurrer.

Reversed, with directions to overrule the demurrer.

HALLEY, V. C. J., and WELCH, GIBSON, and DAVISON, JJ., concur. CORN and O'NEAL, JJ., dissent.

Clyde F. Ross, Okemah, for plaintiff in error.

Dwight Tolle, Okemah, for defendant in error.

PER CURIAM. Plaintiff in error has appealed from a judgment entered against him in the trial court, and on January 23, 1952, he filed his brief. The authorities therein cited reasonably sustain the allegations of error. The defendant in error has filed no brief and has offered no excuse for such failure. Under such circumstances, as stated in Fore v. Fore, 203 Okla. 75, 218 P. 2d 366, it is not the duty of this court to search the record for some theory upon which to sustain the action of the trial court, but the judgment may be reversed.

The cause is reversed and remanded, with directions to the trial court to grant a new trial.

HALLEY, V.C.J., and GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.

### JENKINS v. THOMPSON.

No. 35343. Nov. 18, 1952.

*250 P. 2d 433.*

### LAMBERT v. RAINBOLT et al.

No. 35043. Nov. 18, 1952.

*250 P. 2d 459.*